**Meliton TIRADO–PINEDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70678.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009 *.

Filed Dec. 8, 2009.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, James Arthur Hunolt, Senior Litigation Counsel, OIL, Patrick James Glen, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Meliton Tirado–Pineda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process claims, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Tirado–Pineda's contention that the IJ violated his due process rights by refusing to continue his immigration proceedings fails because Tirado–Pineda did not establish "good cause" for a continuance. *See* 8 C.F.R. § 1003.29; *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation). Tirado–Pineda also has not established that he was prejudiced by the denial of a continuance because nothing in the record shows that he was eligible for a § 212(c) waiver or any other relief from removal. *See Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 926 (9th Cir.2007).

We lack jurisdiction to consider Tirado–Pineda's remaining contentions because he failed to properly exhaust them before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**